UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased), § <br> By and through her adult child § <br> NATHAN ALEXANDER SMITH, § <br> and § <br> NATHAN ALEXANDER SMITH, § <br> § <br> *Plaintiffs,* § <br> § <br> ~V~ § <br> § <br> MEIGS COUNTY GOVERNMENT, and § <br> § <br> ROBERT J. LEONARD (Deceased), § <br> § <br> *Defendants.* § | No. _____ <br><br> JURY DEMANDED |

**COMPLAINT**

PLAINTIFF, Nathan Alexander Smith ("Plaintiff"), in his individual capacity and in his capacity as next of kin for his mother, Tabitha Marie Smith ("Deceased"), for the causes of action set forth herein, alleges:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of rights secured to Deceased by the Fourteenth Amendment to the United States Constitution by the Defendants.

2. This action is brought for the wrongful death of the Deceased while the Deceased was in the custody of the Defendants and for the Plaintiff for his loss of consortium resulting from the grisly death of this mother, the Deceased.

3. This action is brought against the Defendant, Meigs County Government ("County") pursuant to TENN. CODE ANN. § 8-8-302 and TENN. CODE ANN. § 29-20-202.

~ 1 ~

## JURISDICTION AND VENUE

4. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for the claims for alleged violation of Federal law.

5. This Court has jurisdiction over the state claims pursuant to 28 U.S.C. § 1357 as they arise from the same case and the same controversies.

6. This is an action to address the Plaintiff's loss of consortium with his mother, the Deceased. As to the Plaintiff's state claims, this Court has jurisdiction over his state claims pursuant to 28 U.S.C. § 1357 as they arise from the same case and the same controversies.

7. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. § 1391(b) for the following reasons: All acts that give rise to this cause of action occurred in Meigs County, Tennessee; Meigs County ("County") is a political sub-division of the State of Tennessee; Defendant Robert J. Leonard (Deceased) (hereinafter, "Leonard") was a resident of Meigs County, Tennessee.

## THE PARTIES

8. At all relevant times, the Deceased was a citizen of the United States and a resident of the State of Tennessee. At the time of the events averred herein, the Deceased was a resident of Meigs County, Tennessee.

9. Upon information and belief, at the time of the events averred herein, the Deceased was survived by one adult child, the Plaintiff, and three minor children identified as follows:

    a. N.R. who resides alternately with Kelly Robertson (aunt) or Sherri Robertson (grandmother), in residences in Meigs County, Tennessee.

  b.  J.E. who resides with Jerri Harris (grandmother), in a residence in Bradley County, Tennessee.

  c.  L.C. who resides with Elizabeth Hughes (relationship unknown and residence unknown).

10. At the time of this Complaint, Plaintiff has no direct information as to any court order granting the exclusive care, custody and control of the said minors the children's caregivers identified *supra* or of any other court order that divested the exclusive care, custody and control of said minors from the Deceased.

  a.  N.R. who, based upon Plaintiff's information and belief, resides alternately with Kelly Robertson (aunt) or Sherri Robertson (grandmother), in residences in Meigs County, Tennessee.

  b.  J.E. who, based upon Plaintiff's information and belief, resides with Jerri Harris (grandmother), in a residence in Bradley County, Tennessee.

  c.  L.C. who, based upon Plaintiff's information and belief, resides with Elizabeth Hughes (relationship unknown and residence unknown).

11. Based upon information and belief, the Deceased may have been married to Kenneth A. Colbaugh ("Colbaugh"). Plaintiff believes that Colbaugh was, at the time of the events averred herein was in the custody of a penal facility in Tennessee.

12. Plaintiff avers that he has standing superior to Colbaugh to bring this claim based upon TENN. CODE ANN. § 20-5-107(e)(1) or based upon the fact the Colbaugh abandoned or otherwise withdrew from the marriage for more than two years.

13. At all times relevant to this cause of action, the County was a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

14. At all times relevant to this cause of action, the County is responsible for the creation and maintenance of its law enforcement department identified and averred as the Meigs County Sheriff's Office ("sheriff's office")

15. The County provides rules and regulations for the operation of the sheriff's office.

16. The County finances the operations of the sheriff's office.

17. The sheriff's office is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee.

18. At all relevant times, the County, its sheriff's office, and its law enforcement personnel, are and were responsible for the safe and humane treatment of all persons taken into and held in the custody of its law enforcement employees; for the training and certification of its law enforcement employees; and for the safety of persons detained or otherwise within the custody of its individual deputies and agents, and this duty extended to the Deceased.

19. At all times relevant to this cause of action, the County employed the individual defendant Leonard who in turn was appointed by the sheriff as a sheriff's deputy.

20. At all times relevant to this cause of action Leonard acted under the color of his office and under the color of law, statute, ordinance, regulation, custom, or usage of the County.

21. At the time of filing this Complaint, Plaintiff is without information to determine if there is a personal representative for Leonard or otherwise any estate established, and Plaintiff will amend this Complaint upon such time as an estate or personal representative is established.

22. Plaintiff brings this action against the County and against Leonard in his individual capacity.

## FACTUAL BASIS

23. Leonard was employed by the County for about two months prior to the incident at issue.

24. On February 14, 2024, at about 9:50 pm Leonard was called to the scene of a disturbance on the Tennessee Highway 60 bridge that spans the Tennessee River near the Birchwood community.

25. About three minutes after his arrival, Leonard had the Deceased in custody, with her hands cuffed behind her back and secured in the back seat of the Meigs County patrol car and on his way to the Meigs County jail.

26. At some point between the arrest and the incident at issue, Leonard sent a text message to his wife via a cell phone.

27. At about 10:03 pm, a radio communication purportedly from Leonard to the police dispatcher for the County said, "water."

28. Leonard had traveled on Blythe Ferry Road, which ended into the Tennessee River.

29. Some days later, authorities found the patrol car, upside down, at the bottom of the Tennessee River.

30. The Deceased's body was found still handcuffed with the hands behind her back and in the back seat of the patrol car, dead.

31. Leonard's body was found outside of the patrol car, but in the Tennessee River.

32. Based upon information and belief, Leonard was not properly trained by the County to know his assigned area of patrol and know the nature of the incident location.

33. The location of the incident has a history of other people driving into the Tennessee River.

34. Based upon information and belief, Leonard was not properly trained or supervised by the County to refrain from the use of his cell phone while transporting an arrestee in a patrol vehicle.

35. Based upon information and belief, Leonard was not properly trained or supervised by the County to ensure the safety of the Deceased while in his custody.

36. As a direct and proximate result of the acts and omissions of Leonard and the County, the Deceased suffered a horrific death.

37. Based upon information and belief, Leonard ignored the Deceased's warnings.

## COUNT ONE:

### DEPRIVATION OF LIBERTY INTEREST AND BODILY INTEGRITY (FOURTEENTH AMENDMENT)

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983

38. Each paragraph of this Complaint is incorporated as if fully set forth herein against both Defendants.

39. At the moment Leonard arrested the Deceased and placed her, handcuffed in the back of his patrol car, a special relationship existed between the Deceased, Leonard, and the County.

40. Once in the custody of the Defendants, the Deceased was completely reliant upon the Defendants to ensure that she would not be injured or killed.

41. The County's failure to properly train Leonard as to the safe transportation of the Deceased, the County's failure to ensure Leonard knew his assigned area of patrol, and the failure of the County to supervise Leonard to ensure he did not drive and text, constituted the deliberate indifference of the County and was the driving force of the deprivations and horror inflicted upon the Deceased by Leonard.

42. The failures and deprivations here inflicted unimaginable terror upon the Plaintiff in that she knew what she was about the suffer, and the same failures and deprivations were the direct and proximate cause of her death.

43. No reasonable law enforcement officer would have acted as Leonard did in this matter.

44. Leonard acted under color of law and his acts and omissions deprived the Deceased of the right secured to her under the Fourteenth Amendment to the United States Constitution to be free from the infliction of physical pain, suffering, and death and to not be harmed by the defendants without Due Process of Law.

## COUNT TWO:

### WRONGFUL DEATH – TENN. CODE ANN. § 20-5-106
### TENNESSEE STATE CLAIM

45. Each paragraph of this Complaint is incorporated against Leonard as if fully set forth herein.

46. Leonard had a duty to protect the Deceased from injury and death. His failures as averred herein were the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in the Deceased's horrific death.

47. Plaintiff sues Leonard in his individual and official capacities.

## COUNT THREE:

### BATTERY AND ASSAULT CLAIMS
### TENNESSEE COMMON LAW CLAIMS

48. Each paragraph of this Complaint is incorporated against Leonard as if fully set forth herein.

49. In the manner more fully described above, Leonard's acts and omissions were void of any lawful purpose.

50. Leonard had no reason to drive the Deceased into the Tennessee River.

51. Leonard acted under color of law and within the scope of his employment and agency with the County. As a direct and proximate result of his misconduct, the Deceased suffered unimaginable horror, injuries, and a gruesome death.

## COUNT FOUR:

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### TENNESSEE COMMON LAW CLAIM

52. Each paragraph of this Complaint is incorporated against Leonard as if fully set forth herein.

53. In the manner more fully described above, Leonard intentionally or recklessly engaged in extreme and outrageous conduct that caused the Deceased emotional distress as well as grievous bodily harm, including a gruesome death.

54. As a further direct and proximate result of Leonard's unconstitutional conduct, the Deceased's constitutional rights were violated, and the Deceased suffered the indignity and humiliation of the loss of her life and bodily integrity as she drowned while cuffed and locked in the back seat of a patrol car.

55. Leonard acted under color of law and within the scope of his employment and agency with the County.

## COUNT FIVE:

### GROSS NEGLIGENCE
### TENNESSEE COMMON LAW CLAIM

56. Each paragraph of this Complaint is incorporated against Leonard as if fully set forth herein.

57. In the manner more fully described above, Leonard's inexplicable acts and omissions, despite his duty to protect the Deceased, resulted in the constitutional deprivations, physical harm, and the indignity and humiliation of the loss of life and bodily integrity as she died while handcuffed in the back of the patrol car.

58. Leonard had a duty to refrain from inflicting harm and death upon the Deceased. Instead, he was texting and while he was hurdling toward the Tennessee River, ignored the Deceased's cries and attempts to warn Leonard that he was driving toward the river.

59. As a further direct and proximate result of Leonard's unconstitutional conduct, the Deceased's constitutional rights were violated, and the Deceased suffered the indignity and humiliation of the loss of her life and bodily integrity as she died while cuffed and locked in the back seat of a patrol car.

## COUNT SIX:

### LOSS OF CONSORTIUM
### TENNESSEE COMMON LAW CLAIM

60. Each paragraph of this Complaint is incorporated against Leonard as if fully set forth herein.

61. In the manner more fully described above, Leonard's inexplicable acts and omissions, despite his duty to protect the Deceased, resulted in the constitutional deprivations, physical harm, and the indignity and humiliation of the loss of life and bodily integrity as she died while handcuffed in the back of the patrol car.

62. As a direct and proximate result of the acts and omissions averred herein, Plaintiff lost his mother, lost any future he may have had with his mother, lost his ability to have a continuing relationship with his mother.

## COUNT SEVEN:

**TENN. CODE ANN. § 8-8-302**
**TENNESSEE STATE LAW CLAIM**

63. Each paragraph of this Complaint is incorporated as if fully set forth herein.

64. While committing the acts alleged in the preceding paragraphs, Leonard was an employee and agent of the County, acting at all relevant times within the scope of his employment.

65. While committing the acts alleged in the preceding paragraphs, Leonard's behavior was calculated to facilitate and/or promote the business for which the County employed Leonard.

66. TENN. CODE ANN. § 8-8-302, allows anyone incurring *any* wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff to bring suit against the County.

67. The Tennessee Constitution, article 1, section 13, prohibits the treatment of the Deceased upon arrest with unnecessary rigor. Consequently, Leonard had an affirmative and non-delegable duty to protect the Deceased and to not harm and kill the Deceased in the manner averred in this Complaint.

68. Leonard killed the Deceased in the manner described herein, and his actions were the direct and proximate cause of the Deceased's mental anguish, needless suffering, loss of enjoyment of life, and her hideous death.

69. The County is liable as principal for wrongs committed by its agents, and the Plaintiff sues the County under this Count.

## COUNT EIGHT:

### TENN. CODE ANN. § 29-20-202
### TENNESSEE STATE LAW CLAIM

70. Each paragraph of this Complaint is incorporated as if fully set forth herein.

71. While committing the acts alleged in the preceding paragraphs, Leonard was an employee and agent of the County, acting at all relevant times within the scope of his employment.

72. The acts and omission averred herein while Leonard operated the patrol car with the handcuffed Deceased locked in the back seat was the direct and proximate cause of the Deceased's mental anguish, needless suffering, loss of enjoyment of life, and her gruesome death.

73. With the removal of immunity for the County under TENN. CODE ANN. § 29-20-202, the County is liable for the horror, injuries and gruesome death endured by Deceased, and the Plaintiff sues the County under this Count.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff requests relief as follows:

[1]. An award of nominal, punitive, compensatory, and presumed damages for the violation of Decedent's constitutional rights and all state causes of action in the amount of TEN MILLION DOLLARS;

[2]. An award of nominal, punitive, compensatory, and presumed damages for the Plaintiff's state law claims in the amounts allowed by Tennessee state law;

[3]. Awarding Plaintiff his attorney and expert witness fees and all other costs of litigation pursuant to 42 U.S.C. §1988, and under other applicable law;

[4]. Pre-judgment and post judgment interest;

[5]. The right to conform the pleadings to the proof and evidence presented at trial; and

[6]. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P., Rule 38(b) on all issues so triable.

Respectfully submitted,

By: /s/ *Robin Ruben Flores*
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

THOMAS & THOMAS, LLC

By: /s/ *W. Neil Thomas*
**W. NEIL THOMAS**
**TENN. BPR #004536**
**MICHAEL THOMAS**
**TENN. BPR #29423**
Attorneys for Plaintiff
6148 Lee Highway, Suite 115
Chattanooga, TN 37421
O: (423) 910-9100 F: (423) 356-3082
wnthomas@twtlawfirm.com