# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESEE
## CHATTANOOGA

Kenneth Andrew Colbaugh,     §
Individually and as Surviving Spouse §
of  Tabatha Marie Colbaugh    §     Case No. 1:24-cv-00151
f/k/a Tabatha Marie Smith     §
(Deceased), JE through next friend JH §
NR through next friend SR, and LC  §     Hon. Clifton L. Corker
through next friend EH,      §     Mag. Christopher H. Steger
         Plaintiffs,    §
               §
               §
               §
Vs.                §
               §
Meigs County,         §
The Estate of Robert J. Leonard   §
c/o Neal Pinkston Administrator   §
Ad Litem, and John Doe 1-10    §
         Defendants.   §

## PLAINTIFF'S MOTION TO DISMISS THE SMITH MOTION TO INTERVENE AS INTERVENTION IS NOW MOOT

Now comes Plaintiff, Kenneth Andrew Colbaugh (hereinafter "Mr.

Colbaugh"), individually and as surviving spouse on behalf of the Estate of

Tabatha Marie Colbaugh (Deceased), by and through counsel, Oliver Bell Group,

and files this Motion to Dismiss the Motion to Intervene because the issue of

intervention has been mooted by this Court's Order Granting Plaintiff Colbaugh's

1

Motion to Consolidate (ECF. No. 21) and as more fully set forth more fully in the

accompanying Brief in Support.

Respectfully Submitted,

Date: June 20, 2024                    OLIVER BELL GROUP

/s/ Alyson Oliver_____
Alyson Oliver*
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

SUMMERS, RUFOLO, &
RODGERS, P.C.
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, &
RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211

*Admitted Pro hac vice

| | | |
|---|---|---|
| Kenneth Andrew Colbaugh, | § | |
| Individually and as Surviving Spouse | § | |
| of  Tabatha Marie Colbaugh | § | Case No. 1:24-cv-00151 |
| f/k/a Tabatha Marie Smith | § | |
| (Deceased), JE through next friend JH | § | Hon. Clifton L. Corker |
| NR through next friend SR, and LC | § | Mag. Christopher H. Steger |
| through next friend EH, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| | § | |
| Vs. | § | |
| | § | |
| Meigs County, | § | |
| The Estate of Robert J. Leonard | § | |
| c/o Neal Pinkston Administrator | § | |
| Ad Litem, and John Doe 1-10 | § | |
| Defendants. | § | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE SMITH MOTION TO INTERVENE AS INTERVENTION IS NOW MOOT

Now comes Plaintiff, Kenneth Andrew Colbaugh (hereinafter "Mr. Colbaugh"), individually and as surviving spouse on behalf of the Estate of Tabatha Marie Colbaugh (Deceased), by and through counsel, Oliver Bell Group, and files this Motion to Dismiss the Motion to Intervene because the issue of intervention has been mooted by this Court's Order Granting Plaintiff Colbaugh's Motion to

Consolidate (ECF. No. 21) and as more fully set forth more fully in the accompanying Brief in Support.

On May 24, 2024, counsel for Nathan Alexander Smith (hereinafter "Mr. Smith) filed a Motion to Intervene (ECF. No. 17) in this, case No. 1:24-CV-151. However, on June 10, 2024, this Honorable Court issued an Order granting Plaintiff's Motion to Consolidate. The case of *Nathan Alexander Smith v. Meigs County Government, et al.*, No. 1:24-CV-104 was consolidated with *Kenneth Andrew Colbaugh, et al. v. Meigs County Sheriff's Department, et al.*, No. 1:24-CV-151. In that Order, this Court stated that going forwards that No. 1:24-CV-151 would serve as the lead case for purposes of the consolidation and all future filings. (ECF. No. 21).

The Smith Motion to Intervene has lost judicial relevance due to the resolution of the controversy created by Mr. Smith's filing of his separate Complaint where the Court has granted the Colbaugh Motion to Consolidate. In other words, the cases are already joined given this Court's Order of consolidation. The 6th circuit has adopted the stance that "An issue becomes moot when the issue is no longer "live" or the parties lack a legally cognizable interest in the outcome." *Ellias v Phoenix Life Ins Co*, 501 F App'x 478, 483 (CA 6, 2012), (citing *Cleveland Branch, NAACP v City of Parma*, 263 F3d 513, 530 (CA 6, 2001)). Tennessee State Courts have also adopted the posture that issues become moot if "an event occurring after the

4

commencement of the case extinguishes the legal controversy attached to the issue." *Niemeyer v Niemeyer*, ___SW3d___; 2024 Tenn. App. LEXIS 170, at \*30 (Ct App, Apr. 17, 2024) (citing *Lufkin v. Bd. of Prof'l Responsibility*, 336 S.W.3d 223, 226 (Tenn. 2011)).

The cases have been consolidated and will now proceed together under this. This consolidation means that Mr. Smith and Mr. Colbaugh are now co-plaintiffs proceeding under one case number. Whereby counsel for Mr. Smith originally sought intervention purportedly to protect his interests, intervention is no longer necessary where the cases will proceed together, on the same track under this case as the lead case. With consolidation the grounds for allowing the intervenor to take on a role as party to litigation no longer exist[1]. The Court has resolved the controversies that gave rise to the motion to intervene. With the cases consolidated there is no meaningful relief the Court could offer with regards to the Motion to Intervene. Therefore, the Motion to Intervene brought before this Court is moot.

Wherefore, Plaintiffs respectfully request that this Court enter an Order granting this Motion to Dismiss Plaintiff Nathan Alexander Smith's Motion to Intervene as moot.

---

[1] The Smith litigants may claim that this Court's Order of consolidation does not resolve their argument against Plaintiff's standing as surviving spouse - but that argument was inartfully and inappropriately contained within the motion to intervene as opposed to a separate filing supported by relevant (and actual) controlling authority. Moreover, resolution of any issue regarding surviving spouse status is not necessary until the conclusion of the liability and damage phases of this case where all parties who may have claims in this litigation are now joined pursuant to the Order of Consolidation.

Respectfully Submitted,

Date: June 20, 2024          OLIVER BELL GROUP

*/s/ Alyson Oliver*_____
Alyson Oliver*
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

SUMMERS, RUFOLO, &
RODGERS, P.C.
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, &
RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211


*Admitted Pro hac vice

6

## CERTIFICATE OF SERVICE

I hereby certify that on  June 20, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants in this action.

OLIVER BELL GROUP

By:  /s/ Alyson Oliver
Alyson  Oliver,  MI  State  Bar  # P55020
notifications@oliverlawgroup.com
50  W.  Big  Beaver
Rd. Troy, MI 48084
T: (248) 327-6556