UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| **Kenneth Andrew Colbaugh,**<br>**Individually and as Surviving Spouse**<br>**Of Tabatha Marie Colbaugh**<br>**f/k/a Tabatha Marie Smith**<br>**(Deceased), JE through next friend JH,**<br>**NR through next friend SR, and LC**<br>**Through next friend EH,**<br><br>    **Plaintiffs,**<br><br>vs.<br><br>**Meigs County,**<br>**The Estate of Robert J. Leonard**<br>**c/o Neal Pinkston Administrator Ad Litem,**<br>**an John Doe 1-10**<br><br>    **Defendants.** | 1:24-cv-00151<br><br>Hon. Clifton L. Corker<br>Mag. Christopher H. Steger<br><br>Jury Demanded |

## DEFENDANT MEIGS COUNTY'S RESPONSE TO THE COLBAUGH PLAINTIFFS' MOTION FOR THE COURT TO ORDER A CONSOLIDATED COMPLAINT, APPOINT LEAD COUNSEL, AND TO STAY BRIEFING ON DEFENDANT MEIGS COUNTY TENNESSEE'S MOTION TO DISMISS

COMES NOW Defendant MEIGS COUNTY, ("MEIGS"), through counsel, and pursuant to Federal Rule of Civil Procedure 42, and files its Response to Plaintiff Kenneth Andrew Colbaugh's Motion for the Court to Order the Filing of a Consolidated Complaint and stay action upon briefing regarding MEIGS Motion to Dismiss, and would state as follows:

### PROCEDURAL HISTORY

On March 24, 2024, Nathan Alexander Smith filed suit against Meigs County and Robert J. Leonard in case number 1:24-cv-00104. In that suit, Nathan Alexander Smith alleged that he has standing superior to Plaintiff Kenneth Andrew Colbaugh (i.e. the spouse) to bring this claim based upon Tenn. Code Ann. §20-5-107(e)(1) or based upon the fact that Colbaugh abandoned or otherwise withdrew from the marriage for two years. (See Case 1:24-cv-00104, DOC 1 at ¶12).

1

On May 15, 2024, Plaintiff Kenneth Andrew Colbaugh filed the instant suit, also against MEIGS and the estate of Robert J. Leonard, and in the Complaint, Colbaugh claims "As the surviving spouse, Mr. Colbaugh has priority to bring this claim pursuant to Tenn. Code Ann. §20-5-107. (See DOC. 11 at ¶5.)

On June 10, 2024, the Court granted the Motion to Consolidate the cases. (Case 1:24-cv-00151 Doc. 21 and Case 1:24-cv-00104 Doc. 54.) The result of that consolidation is that in this matter, there are currently two wrongful death suits pending: Docket No. 1:24-cv-00104 with Decedent Tabitha Marie Smith's adult son Nathan Alexander Smith as named Plaintiff **and** Docket No. 1:24-cv-00151 with Decedent Tabitha Marie Smith's purported spouse Kenneth Andrew Colbaugh as named Plaintiff. This situation is not allowed by Tennessee law, as it places the Defendant in a position to face two competing Complaints. This untenable situation has been discussed by multiple Tennessee Courts, as the below discussion reveals.

On June 20, 2024, MEIGS filed its Motion to Dismiss the Smith Complaint. (See DOC. 22.) This Motion to Dismiss was based, in part, on the "one action rule" which states "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible" as discussed herein below.

## **APPLICABLE LAW**

Tenn. Code Ann. §20-5-107 states as follows:

(a) The action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin; also, without the consent of the personal representative, either may use the personal representative's name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless the personal representative signs the prosecution bond in an individual capacity.

(b) In no event shall a parent be permitted to recover through an action commenced pursuant to subsection (a) until all child support arrearages, together

2

with interest on the child support arrearages, at the legal rate of interest computed from the date each payment was due, have been paid in full to the parent ordered to receive the support or to the parent's estate if deceased.

(c) Notwithstanding any law to the contrary, a parent who has intentionally refused or neglected to pay any support for a child for a two-year period, or for the life of the child, whichever is less, when subject to a court order requiring the payment of child support and who has intentionally refused or neglected to contact the child or exercise visitation during such period, shall not be permitted to recover through an action commenced pursuant to subsection (a) and § 20-5-106.

(d) Nothing in this section shall be construed to prevent the institution of an action by a child with respect to the death of a parent.

(e)
>(1) Notwithstanding any other law to the contrary, the right to institute and the right to collect any proceeds from a wrongful death action granted by this section to a surviving spouse shall be waived, if the children or next of kin establish the surviving spouse has abandoned the deceased spouse as described in § 36-4-101(a)(13) or otherwise willfully withdrawn for a period of two (2) years.
>(2) If the period of two (2) years has passed since the time of abandonment or willful withdrawal then there is created a rebuttable presumption that the surviving spouse abandoned the deceased spouse for purposes of this section.
>(3) In an action under this section, the child or next of kin shall serve the surviving spouse with process as provided in the Tennessee Rules of Civil Procedure or by constructive service as may otherwise be provided by law.
>(4) In no event shall any action for wrongful death abate, or the statute of limitations bar, an action solely as a result of a finding the surviving spouse's rights are waived. Instead the court shall substitute the proper party.

It is clear from the statute above that the Tennessee legislature has clearly mandated that there will be one single action in wrongful death lawsuits and has further determined the priority of persons that control such lawsuits. The Tennessee Supreme Court has spoken on this issue, stating the following:

> **Because multiple actions may not be brought to resolve a single wrongful death claim**, the statutes carefully prescribe the priority of those who may assert the action on behalf of the decedent and any other beneficiaries. **In a dispute between the surviving spouse and the children of the decedent as to who may maintain the action, the surviving spouse**

3

> **clearly has "the prior and superior right above all others...."** Foster v. Jeffers, 813 S.W.2d 449, 451 (Tenn.Ct.App.1991); see also Tenn. Code Ann. § 20-5-107 (1994); Busby v. Massey, 686 S.W.2d 60, 62 (Tenn.1984). In fact, the children of the deceased may maintain an action only if the decedent is not survived by a spouse **or if the surviving spouse has waived his or her right of priority.** See Tenn. Code Ann. § 20-5-107; Foster, 813 S.W.2d at 453. Consequently, once the surviving spouse has asserted his or her right or priority, the statutes give to the surviving spouse complete "control over the right of action until he or she waives that right." Estate of Baker ex rel. Baker v. Maples, 995 S.W.2d 114, 115 (Tenn. Ct. App.1999) Kline v. Eyrich, 69 S.W.3d 197 (Tenn. 2002) (Emphasis added.)

The above cases make it clear that there will be one cause of action for a wrongful death, and there will be one person who will control that action. In this case, although the consolidation has been ordered, there are still two separate active Complaints, and two persons or sets of persons who claim to have priority in one action. Such cannot be permitted, as the Tennessee Supreme Court has made it clear that a wrongful death action in Tennessee is *one indivisible right of action*. The right of action in a wrongful death lawsuit is not a newly created one vested in the beneficiaries; rather, it is the same right of action that originated with the decedent. *Beard v. Branson*, 528 S.W.3d 487 (Tenn. 2017.)

> More recently, the Tennessee Supreme Court stated as follows:
>
> Tennessee courts have repeatedly characterized our wrongful death statutes as providing for a "single, entire, and indivisible" right of action. See, e.g., *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 529 (Tenn. 2008) (quoting *Kline*, 69 S.W.3d at 207) ("Although the living beneficiaries of the action may seek a limited recovery for their own losses in addition to those of the decedent, the right of action itself remains one that is 'single, entire[,] and indivisible.'"); *Est. of Smith*, 670 S.W.3d at 317 ("[T]he right of action in a wrongful death case remains one that is 'single, entire[,] and indivisible.'") (quotation omitted). "Stated another way, '[t]here can be but one cause of action for the wrongful death of another.'" Id. (quoting *Kline*, 69 S.W.3d at 207). "[M]ultiple actions may not be brought to resolve a single wrongful death claim." *Id*. at 318. "No matter how many suits parties may file to address an allegedly wrongful death, [Tennessee's wrongful death statutes] contemplate only one cause of action." *Swanson v. Peterson*, No. M1999-00241-COA-R3-CV, 2000 WL 48502, at *2 (Tenn. Ct. App. Jan. 21, 2000). **For this reason, "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible."** Id.

4

In the case before us, the trial court cited caselaw regarding a wrongful death right of action being "indivisible" in reaching its decision. The trial court first concluded that the right of action belonged to all of the siblings and that the pro se siblings could not render legal services for the other beneficiaries. However, the court then explained, "A wrongful death action in Tennessee is one indivisible right of action that may be conducted and managed by a non-attorney only if that non-attorney, as in *Beard v. Branson*, [] represents only his or her own interests." (emphasis added). The court added, "It is true that Anthony Grose, Lonita Grose-Dowdy, and Herbert Grose are proper plaintiffs in this action; however, they were not authorized to file this lawsuit and proceed with this action without counsel." As a result, the court concluded that the complaint was void ab initio in its entirety.

The fact that the wrongful death right of action is single and indivisible does not mean that there can only be one party as plaintiff in the action. **"Wrongful death statutes generally require one joint action for the benefit of all beneficiaries[.]"** 25A C.J.S. Death § 78; see also 22A Am. Jur. 2d Death § 20 **("Generally, the statutes provide that only one action for wrongful death may be filed."). "The purpose of the one-action provision in a wrongful death statute is to protect a defendant from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury when all of the parties could be joined in one proceeding."** Id. § 20. Thus, "[w]rongful death statutes usually authorize one joint and indivisible action in which all the damages for the benefit of all the beneficiaries are recovered[.]" 25A C.J.S. Death § 78. "A statute providing that the action for wrongful death is 'a joint one, a single one, and an indivisible one' means that all heirs should join or be joined and that [a single] verdict should be rendered for all damages, that only one action may be brought whether instituted by all or only one of [the] heirs or personal representative, and that there cannot be a series of suits by heirs." Id. (emphasis added); see also 22A Am. Jur. 2d Death § 20 ("Either the heirs or the personal representative on behalf of the heirs may bring a single joint indivisible action for wrongful death. This means that all heirs or statutory beneficiaries should join in the single action, and there cannot be a series of suits by heirs against the tortfeasor for their individual damages."). **So, "in characterizing wrongful death actions as 'indivisible,' this means that there cannot be a series of suits by heirs against the tortfeasor for their individual damages."** Id. *Grose v. Stone*, W2023-00090-COA-R3-CV (Tenn. App. Apr 25, 2024) (Emphasis added.)

As the Courts have discussed above, "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible." *Beard v. Branson*, 528 S.W.3d 487 (Tenn. 2017.); *Grose v. Stone*, W2023-00090-COA-R3-CV (Tenn. App. Apr 25, 2024.) As such, to keep the

5

Defendants from "being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury when all of the parties could be joined in one proceeding," the Court must determine which of the two Plaintiffs has priority under Tenn. Code Ann. §20-5-106 and dismiss the Complaint of the particular Plaintiff who lacks priority to sue.

### CONTINUATION OF BOTH COMPLAINTS IN CASES 1:24-cv-00104 AND 1:24-cv-00151 IS NOT FEASIBLE

As the statute and caselaw above makes clear, there can be but one action for a wrongful death. The caselaw and statute are equally clear that the surviving spouse has priority in all respects regarding that action, **unless the surviving spouse has abandoned or otherwise withdrew from the marriage for two years.** Plaintiff Kenneth Andrew Colbaugh (i.e. the spouse) claims priority based upon Tenn. Code Ann. §20-5-107(e)(1), and Smith claims that Colbaugh abandoned or otherwise withdrew from the marriage for two years. (See Case 1:24-cv-00104, DOC 1 at ¶12). The correct procedural avenue is for the Court to determine which competing Plaintiff has priority and dismiss the other Plaintiff's lawsuit. To allow each suit to move forward would place MEIGS in the vey position Tennessee Courts have warned against, a Defendant facing two suits for the same claim.

### THE COURT SHOULD DENY PLAINTIFF COLBAUGH'S MOTION TO STAY BRIEFING ON DEFENDANT MEIGS' MOTION TO DISMISS

As the Courts have discussed above, "two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible." *Beard v. Branson*, 528 S.W.3d 487 (Tenn. 2017.); *Grose v. Stone*, W2023-00090-COA-R3-CV (Tenn. App. Apr 25, 2024.) This is so to keep the Defendants from "being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury when all of the parties could be joined in one proceeding." Thus, the Court must determine which of the two Plaintiffs has priority under Tenn. Code Ann. §20-5-

6

106 and dismiss the Complaint of the particular Plaintiff who lacks priority to sue. Given the understanding that the purpose of the "one action" rule is to protect Defendants, Defendant MEIGS' has standing and its Motion to Dismiss (DOC. 56) which requests in part dismissal of one of the two Plaintiffs following a determination of which Plaintiff has priority should be acted upon by the Court. Moreover, Plaintiff Smith has not moved the Court to stay action upon MEIGS' Motion to Dismiss the Smith Complaint, but merely asked for additional time within to respond due to scheduling issues.

## CONCLUSION

WHEREFORE, based on the above, MEIGS respectfully requests the Court determine which entity has priority under Tenn. Code Ann. §20-5-107 and dismiss the competing party's Complaint, DENY the Colbaugh Plaintiffs' Motion for the Court to Order a consolidated Complaint, and DENY the Colbaugh Plaintiffs' Motion for a stay regarding MEIGS Motion to Dismiss the Smith Complaint.

                    Respectfully submitted,

                    **MICHEL AND WARD, P.C.**

                    By: /S/ Alix C. Michel
                        **Alix C. Michel (BPR No. 024243)**
                        **David J. Ward (BPR No. 013449)**
                    735 Broad Street, Suite 406
                  Chattanooga, Tennessee 37402
                  Telephone: 423.602.9521
                  Facsimile: 423.265.9524
                  *Attorneys for Defendant MEIGS*

This 10th day of July, 2024.