UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KENNETH ANDREW COLBAUGH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 1:24-CV-00151-DCLC-CHS |
| v. | ) |
| | ) |
| MEIGS COUNT SHERIFF'S DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Following the death of Tabatha Marie Colbaugh ("decedent") while she was in the custody of Meigs County Sheriff Deputy Robert J. Leonard ("Deputy Leonard"), decedent's son, Nathan Alexander Smith ("Smith"), initiated an action against Meigs County and Neal Pinkston, the administrator for the estate of Deputy Leonard. *See* Case No. 1:24-CV-104 ("the Smith case"). Thereafter, Kenneth Andrew Colbaugh ("Colbaugh"), decedent's husband, moved to intervene and moved to dismiss Smith's claims, arguing that Smith filed prematurely and without standing because the right of action under Tennessee's wrongful death statute passed to him as decedent's surviving spouse. Colbaugh simultaneously filed a separate wrongful death action against Meigs County Sheriff's Department, the Estate of Robert Leonard, various John Does, and Meigs County. *See* Case No. 1:24-CV-151 ("the Colbaugh case"). Colbaugh then withdrew his Motion to Intervene and Motion to Dismiss in the Smith case and moved to consolidate both cases. Two days later, Smith moved to intervene in the Colbaugh case.

On June 10, 2024, the Court consolidated the cases and designated the above-captioned action, the Colbaugh case, the lead case for purposes of consolidation [Doc. 21]. Now, Colbaugh

1

moves to dismiss Smith's Motion to Intervene as moot [Doc. 23] and seeks a Court order requiring the filing of a single consolidated complaint, the appointment of lead counsel, and a stay of briefing on Meigs County's pending Motion to Dismiss [Doc. 28]. Smith also moves to stay briefing on the Motion to Dismiss until issues raised by him are resolved, including a determination as to the proper plaintiff [Doc. 36].

The Court consolidated the Smith and Colbaugh cases pursuant to Rule 42, which provides that if "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed.R.Civ.P. 42(a). The Supreme Court has described consolidation as not "completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them." *Hall v. Hall*, 584 U.S. 59, 67 (2018). In sum, "[c]onsolidation was 'allowed by the practice of the court for its convenience, and the saving of time and expense to the parties.'" *Id*. at 68 (quoting *The Martha*, 53 U.S. 347, 353 (1851)). It "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 497 (1933).

Based on the foregoing, Colbaugh's requests for a single consolidated complaint and the appointment of lead counsel [Doc. 28] are not well-taken. Both Smith and Colbaugh claim the statutory right to bring a wrongful death action, and both have initiated separate lawsuits. As the Supreme Court has made clear, consolidation does not merge the two distinct cases into one. Thus, the Court declines to appoint lead counsel and consolidate the two complaints. For the same reasons, Colbaugh's Motion to Dismiss Smith's Motion to Intervene as Moot [Doc. 23] is also misplaced. Smith moves to intervene as a matter of right, arguing that he and his minor siblings, possess the sole right to bring a wrongful death action under Tennessee law [Doc. 17, pg. 1].

2

The Court "*must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a). Smith undoubtedly claims an interest relating to the subject of the wrongful death action. That is, he claims he and his siblings have the *sole* right to initiate and litigate the action. To be sure, Tennessee's wrongful death statute forecloses the chances of multiple actions being litigated to resolve a single wrongful death claim. In relevant part, the statute provides that "the [wrongful death] action may be instituted by the personal representative of the deceased or by the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, by the children of the deceased or by the next of kin[.]" Tenn. Code Ann. § 20-5-107(a). The law governing intestate succession governs the priorities of next of kin. *House v. Gibson*, 827 S.W.2d 310, 311 (Tenn. Ct. App. 1991). Thus, either Colbaugh, as decedent's surviving spouse, or Smith and his siblings, as decedent's children, have the sole right to bring a wrongful death action. The Court cannot resolve the dispute without proper briefing, but it is axiomatic that both cannot be true. As the two cases stand, disposition of the Colbaugh case would inevitably impair Smith and his siblings' claimed interest in litigating the wrongful death claims themselves. Additionally, if Smith and his siblings are correct in that Colbaugh lacks the statutory authority to bring the wrongful death action, it is self-evident that he cannot adequately represent their interests.

For the reasons stated herein, Smith's Motion to Intervene [Doc. 17] is **GRANTED**, and Colbaugh's Motion to Dismiss Smith's Motion to Intervene as Moot [Doc. 23] is **DENIED**. Additionally, Colbaugh's Motion for the Court to Order the Filing of a Consolidated Complaint, Appoint Lead Counsel, and Stay Briefing on Defendant Meigs Count Tennessee Motion to

3

Dismiss [Doc. 28] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** to the extent Colbaugh seeks the filing of a consolidated complaint and the appointment of lead counsel. However, because it is imperative that the Court resolve the dispute between Colbaugh and Smith as to which action was properly initiated under Tennessee law prior to ruling on any other dispositive motions, Colbaugh's motion [Doc. 28] is **GRANTED** to the extent he seeks to stay briefing on Meigs County's Motion to Dismiss. Smith's analogous motion to stay briefing [Doc. 36] is also **GRANTED**, and his motion for extension of time to respond to Meigs County's Motion to Dismiss [Doc. 24] is **DENIED AS MOOT**.

Finally, Smith requests a case management conference to address the manner in which these two cases will proceed [Doc. 39]. Considering the procedural posture of the two cases, Smith's motion [Doc. 39] is well-taken and **GRANTED**. A telephonic case management conference shall be held on **August 7, 2024, at 11:00 a.m. EST**. The parties shall call the Court's conference line at 866-390-1828 and enter access code 4845352 at the appointed time.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge