UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

KENNETH ANDREW COLBAUGH,
Individually and as Surviving Spouse
of Tabatha Marie Colbaugh f/k/a
Tabatha Marie Smith (Deceased), JE
through next friend JH, NR through
next friend SR, and LC
through next friend EH,

    Plaintiffs,

v.

MEIGS COUNTY, *et al.*,

    Defendants.

No. 1:24-cv-00151

Hon. Clifton L. Corker

Mag. Christopher H. Steger

CONSOLIDATED WITH THE SMITH CASE BELOW

_____

NATHAN ALEXANDER SMITH,

    Plaintiffs,

v.

MEIGS COUNTY, *et al.*,

    Defendants.

No. 1:24-cv-00104

Hon. Clifton L. Corker

Mag. Christopher H. Steger

_____/

## COLBAUGH PLAINTIFFS MEMORANDUM OF SUPPLEMENTAL AUTHORITY ON SMITH PLAINTIFF'S MOTION TO INTERVENE POST EVIDENTIARY HEARING

    This matter having been before the Court November 18, 2024, and the Court having presided over the evidentiary hearing and positing questions thereafter;

1

Colbaugh Plaintiffs respectfully submit the following responsive authority for the Court's consideration in addition to that which was provided to the Court and the hearing:

1. The grounds for divorce statute states that, to constitute abandonment a spouse must have turned the other out of the home for "no just cause; and has refused or neglected to provide for the spouse while having the ability to so provide." T.C.A. § 36-4-101(a)(13).

2. As used in the code, undefined words shall be given their natural and ordinary meaning without forced or subtle construction that would limit or extend the meaning of the language, except when a contrary intention is clearly manifest. T.C.A. § 36-4-101.

3. Certain grounds for divorce are continuing in the sense that once the fault has arisen it continues to exist through mere passivity of the wrongdoer, such as habitual intoxication contracted after the marriage and abandonment. *Holman v. Holman,* 35 Tenn App 273 (1951).

4. Action by widow of deceased against bus company for wrongful death of husband could not be enjoined by father of deceased on ground that widow had been guilty of adulterous conduct prior to death of deceased. *Johnson v. Morgan* 184 Tenn 254 (1947).

5. That widow had been indiscreet or committed a crime does not affect her prior right to sue. *Koontz v. Fleming* 17 Tenn App 1 (1933).

6. Moral worth of nominal plaintiff and ultimate beneficiary is totally unrelated to a wrongful death action as it is the right of action the deceased would have had, had he survived. *Tutor v. Bingham*, 545 SW 2d 944 (1976).

Respectfully submitted,

Date: November 19, 2024

OLIVER BELL GROUP

*/s/ Alyson Oliver*_____
Alyson Oliver*
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

SUMMERS, RUFOLO, & RODGERS, P.C.
Jeffrey Rufolo
BPR No. 015013
Attorney for Plaintiffs
SUMMERS, RUFOLO, & RODGERS, P.C.
735 Broad Street, Suite 800
Chattanooga, Tennessee 37402
Telephone: (423) 265-2385
Facsimile: (423) 266-5211

*Admitted Pro hac vice

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties that are CM/ECF participants in this action.

OLIVER BELL GROUP

By: /s/ Alyson Oliver
Alyson Oliver
MI State Bar # P55020
notifications@oliverlawgroup.com
50 W. Big Beaver Rd. Troy, MI 48084
T: (248) 327-6556