UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | | |
|---|---|---|
| Kenneth Andrew Colbaugh, Individually and as a surviving spouse of Tabatha Marie Colbough f/k/a/ Tabatha Marie Smith, *et al.*, | § § § § § § § § § § § § § § § § § § § § § § § § | No. 1:24-cv-151-DCLC-CHS Jury Demanded CONSOLIDATED No. 1:24-cv-104- DCLC-CHS |
| *Plaintiffs,* | | |
| ~v~ | | |
| Meigs County, *et al.*, | | |
| *Defendants.* | | |
| Tabitha Marie Smith (Deceased), by and through her adult child Nathan Alexander Smith, *et al.*, | | |
| *Plaintiffs,* | | |
| ~v~ | | |
| Meigs County Government, *et al.*, | | |
| *Defendants.* | | |

**PLAINTIFF NATHAN ALEXANDER SMITH'S RESPONSE
TO COLBAUGH'S SUPPLEMENTAL AUTHORITY**

Plaintiff, Nathan Alexander Smith ("Smith"), through counsel, submits this response to the document filed by Kenneth Andrew Colbaugh ("Colbaugh") (DE 62).

**Preliminary Statement**

Smith will focus on three main points in challenging the claims raised by Colbaugh. Although Colbaugh, in Document 62, cites cases (without any pin-cite to

~ 1 ~

the portion of the cases he claims support him) to support a claim that the Deceased ("wife") abandoned *him*, these cases do not change the fact that Colbaugh abandoned *the marriage* and thus his wife.

**Colbaugh's Claim on the Burden of Proof**

During argument at the recent hearing, counsel for Colbaugh claimed that the burden for an intervening party in cases such as this was "clear and cogent" and not a preponderance of the evidence. Colbaugh relied upon Rutledge v. Rutledge, 293 S.W.2d 21 (1953) for her claim. However, Rutledge was not a case that addressed the standard for intervention in a wrongful death case.

Rutledge, was a divorce case that involved an issue of whether a marriage was valid because one party to the marriage was still married to a third person. See Rutledge v. Rutledge, 293 S.W.2d 21, 22-23 (Tenn. Ct. App. 1953)[1]. In addressing whether the marriage was valid, the 1953 Court of Appeals addressed (in what Smith claims is dicta) the burden on a party to overcome the presumption that the first marriage was still valid:

> The law presumes the validity of the marriage hereto and the burden is upon the defendant to establish that it is invalid.
>
> In reference to this presumption of legality the latest we have from the Supreme Court of our State is in the case of Barnett v. Barnett, opinion for publication filed on 4-25-53. Said the Court: The presumption of the legality of marriage is one of the strongest in the law and as said in Gamble v. Rucker, supra, to overcome this presumption, the evidence must be cogent and convincing; and as said

---

[1] The husband, William Rutledge, claimed that he was not married to Maudell Rutledge because he had never obtained a divorce from his first wife (Evelyn Rutledge) and thus the marriage to Maudell was null and void. See Rutledge, at 22.

in American Jurisprudence, supra, it must be strong, distinct, satisfactory and conclusive.

If the former spouse of one subsequently married be living at the time of the subsequent marriage, the law presumes, in cases involving the settlement of property rights, that one or the other party to the former marriage had procured a divorce before the second marriage was entered into; and the burden is upon the person attacking the validity of such subsequent marriage to show that there was no such divorce.

The fact that a person formerly married was not divorced before purporting to marry another person is established prima facie, by evidence that no divorce decree is enclosed by the records of the Courts having jurisdiction in any of the Counties in which the parties, or either of them, to the first marriage resided from the time of that marriage through the time of the second attempted marriage of one of the parties to another person.

Rutledge, at 26 (alteration in original) (internal citations omitted).

Colbaugh's reliance on a 1953 standard is misplaced. The instant and threshold issue is whether Smith can intervene in this wrongful death matter because Colbaugh abandoned the marriage and if so, what is Smith's burden of proof?

The Tennessee Court of Appeals answered that question in Baugh v. UPS, 2015 Tenn. App. LEXIS 186 (Ct. App. Mar. 31, 2015) (perm. app. denied by Supreme Court August 12, 2015). In Baugh, the Court, in a wrongful death case identified the burden.

This portion of the statute provides that, if two years have passed since the alleged abandonment, the children or next of kin have the advantage of a rebuttable presumption in proving that the surviving spouse abandoned the deceased spouse, thus implying that there is a different threshold for less than two years. *That threshold would be the usual preponderance of the evidence standard.*

Baugh, at *13 (emphasis added).

~ 3 ~

Case 1:24-cv-00104-DCLC-CHS   Document 94   Filed 11/22/24   Page 3 of 6   PageID #: 596

## Colbaugh Abandoned His Wife for More than Two Years

In documents and at the hearing of this matter, Colbaugh seemed to erroneously suggest that abandonment is a one-way street.

> Notwithstanding any other law to the contrary, the right to institute and the right to collect any proceeds from a wrongful death action granted by this section to a surviving spouse shall be waived, if the children or next of kin establish the surviving spouse has abandoned the deceased spouse as described in § 36-4-101(a)(13) or otherwise willfully withdrawn for a period of two (2) years.

TENN. CODE ANN. § 20-5-107(e)(1).

Colbaugh claims that TENN. CODE ANN. § 36-4-101(a)(13) gives him standing to bring suit since he turned his wife "out of doors" for just cause. But he has misread the statute, which reads:

"The husband or wife has abandoned the spouse or turned the spouse out of doors for no just cause, and has refused or neglected to provide for the spouse while having the ability to so provide[.]" TENN. CODE ANN. § 36-4-101(a)(13) (alteration in original). This statute is a two-part test that Colbaugh cannot meet since the evidence from him and Amber McKinney established that Colbaugh did not provide for his wife. To be sure, he did much to hurt his wife by taking an order of protection against her, by his derogatory comments about his wife on Facebook and by his communications with McKinney, and by his two adulterous affairs with two women.

But TENN. CODE ANN. § 20-5-107(e)(1) "or otherwise willfully withdrawn for a period of two (2) years" clause is what clearly controls. Rather than stay at home, caring for his child, and taking steps to help his wife (i.e.: getting her into treatment or mental health counseling), Colbaugh entered not one, but two lengthy sexual

~ 4 ~

affairs with other women. He made the fantastic claim that his wife was always welcome back into the home, but his actions speak much louder. Rather, his conduct is that of a man who has abandoned his wife and thus has willfully *withdrawn from the marriage.*

## Conclusion

The burden of proof is by the preponderance. Smith has shown that Colbaugh abandoned the marriage and thus his wife. Although Colbaugh went into great lengths about the state of the marriage years past[2] what happened then is not relevant to the matter at hand: Did Colbaugh abandon the marriage for two years?

The answer is a resounding "yes." Colbaugh's own Order of Protection, his messages and social media posts, and his two affairs with two women who lived with him and the child is more than enough for this Court to find that he has waived his standing in this action. He cannot now come up after his wife's death and claim husband of the year after all that he has done.

Respectfully submitted,

By: /s/ Robin Ruben Flores
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Nathan Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

---

[2] Let's not forget his statements, under oath on the Order of Protection documents dated in 2020 and 2021 that he and his wife were separated for four years prior.

**CERTIFICATE OF SERVICE**

  The undersigned attorney for Nathan Alexander Smith hereby certifies that true and exact copies of this motion have been filed and served electronically upon all parties in interest or their counsel as indicated on the receipt issued by the Court's electronic filing system.

                  By: /s/ Robin Ruben Flores